IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KRISTAN SEIBERT                                                             PLAINTIFF

VERSUS                                     CIVIL ACTION NO. <u>1:14-CV-00188-KS-MTP</u>

JACKSON COUNTY, MISSISSIPPI;
JAMES MICHAEL "MIKE" BYRD, Individually and
in His Official Capacity as Sheriff of Jackson County, Mississippi;
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
and JOHN OR JANE DOES 1-10                                           DEFENDANTS

## <u>AMENDED COMPLAINT</u>

### [**JURY TRIAL DEMANDED**]

COMES NOW the Plaintiff, KRISTAN SEIBERT, by and through her attorneys, DOUGLAS L. TYNES, JR. and J. ADAM MILLER, and would file this, her Amended Complaint against the Defendants named herein, and in support thereof present the following to wit:

### I. PARTIES

1.      Plaintiff, KRISTAN SEIBERT, is an adult resident citizen of Jackson County, Mississippi.  At all times material herein, the Plaintiff was employed by the Jackson County Sheriff's Department, with Defendant, JAMES MICHAEL "MIKE" BYRD, who was the Sheriff of Jackson County at all times relevant herein, being her ultimate and final supervisor and in charge of all supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department and final policymaker for the Jackson County Sheriff's Department.

2.      Defendant, JACKSON COUNTY, MISSISSIPPI, is a political subdivision within the State of Mississippi, with the ability to sue and be sued, and which at all times relevant hereto

1

employed Plaintiff, Kristan Seibert, and Defendants, James Michael "Mike" Byrd, and the as yet unidentified John or Jane Does 1-10.  At all times material herein, the Defendant, Jackson County, Mississippi, was an employer defined by § 701(b) of Title VII as amended by the 1991 Civil Rights Act and the 1964 Civil Rights Act, 42 U.S.C. 2000e, et seq.  Defendant, Jackson County, Mississippi, may be served with process in the time and manner provided by law by and through service upon Terry Miller, in his official capacity as Chancery Clerk of Jackson County, Mississippi, at the offices of the Chancery Clerk, 3104 Magnolia Street, Pascagoula, Mississippi, and upon Troy Ross, in his official capacity as President of the Board of Supervisors of Jackson County, Mississippi, at his office address of 2915 Canty Street, Pascagoula, Mississippi, or at 3104 Magnolia Street, Pascagoula, Mississippi.

     3.     Defendant, JAMES MICHAEL "MIKE" BYRD, hereinafter "Mike Byrd", is a person of full age and majority and a citizen of and resides in the Southern District of Mississippi.  At all pertinent and relevant times herein, the said Mike Byrd was employed as the Sheriff of Jackson County, Mississippi, and was granted and possessed the powers of supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department and final policymaker of the Jackson County Sheriff's Department at the time of and prior to the incidents complained of herein, and was acting and/or neglected to act in the course and scope of his employment and position as the Sheriff of Jackson County, Mississippi.  Said Mike Byrd is made a defendant herein individually and in his official capacity as the Sheriff of Jackson County, Mississippi, at all times relevant to the events set forth in this Complaint.  Defendant, JAMES MICHAEL "MIKE" BYRD, hereinafter "Mike Byrd," may be served with process of this Court in the time and manner provided by law and in accordance with the requirements of the Federal Rules of Civil Procedure.

4.     Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a surety corporation registered to do business in Connecticut may be served with process in the time and manner required by law by service upon its agent for service of process, United States Corporation Company, 506 South President Street, Jackson, MS 39201.

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as JOHN OR JANE DOES 1-10, inclusive, and therefore sue these Defendants by such fictitious names and capacities.   Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes and on that basis alleges that each fictitiously-named Defendant is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of each such Defendant.

## II.  JURISDICTION AND VENUE

6.     The present cause of action is filed pursuant to Title VII of the Civil Rights Act of 1964, AS AMENDED, PURSUANT TO 42 U.S.C. § 2000e et. seq., to redress the injuries sustained by the Plaintiff as a result of the unlawful sexual harassment, discrimination and retaliation on the part of the Defendants; and that the present cause of action is further brought before this Court for the intentional infliction of emotional distress, physical/verbal abuse, and assault and battery directed against the Plaintiff by the Defendants.

7.     The Court has jurisdiction over the parties and the subject matter to the present cause of action pursuant to 28 U.S.C. §§ 1331, 1332 and 1343, 42 U.S.C. §1988, and with regard to Plaintiff's claims of sexual harassment and constitutional equal protection rights, and by virtue of the Court's supplemental jurisdiction under 28 U.S. C. § 1367(a) over Plaintiff's common law claims.

8.      Plaintiff would show that she has exhausted her administrative remedies as required by 42 U.S.C. §2000e *et seq.* in that she made a timely filing of her Charges of Discrimination with the Equal Employment Opportunity Commission, and subsequent thereto, the Plaintiff received a Notice of Right to Sue from the United State Department of Justice, Civil Rights Division, and this Complaint is therefore timely filed with this Court.  Plaintiff also timely provided her written Notice of Claim to Defendant, Jackson County, Mississippi, pursuant to the provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*

9.      The causes of action alleged herein arose from the Defendants' acts and omission in Jackson County, Mississippi.

10.     Defendant, Jackson County, Mississippi, is a political subdivision of the State of Mississippi.  Plaintiff, Kristan Seibert, and Defendant, Mike Byrd, are residents of Jackson County, Mississippi.

11.     Venue over Plaintiff's claims under Title VII is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

### III.  FACTS

12.     Plaintiff, Kristan Seibert, began her career in law enforcement in July of 2007. Subsequently on or about November 3, 2008, Plaintiff was hired by the Jackson County Sheriff's Department as a patrolman, under the supervision and management of Defendant, Mike Byrd, Sheriff of Jackson County, Mississippi.

13.     In approximately May of 2012, Plaintiff was promoted to Sergeant and moved to Public Affairs. Defendant, Mike Byrd, instructed Plaintiff that she and co-worker Valerie Damazio were to report directly to him and their orders would come directly from him.

14. During July of 2012, Defendant, Mike Byrd, tried to intervene on Plaintiff's behalf, contrary to her wishes, in a Chancery Court custody case involving her and, upon information and belief, even met with the Judge behind closed doors, after which the Defendant, Mike Byrd, told Plaintiff that she was "his baby."

15. Commencing in September of 2010, Defendant, Mike Byrd, began subjecting Plaintiff to unlawful sexual harassment in the form of unwanted touching, lewd comments, and in general rude, unwelcome, and unwanted sexual advances toward her. The blatant sexual harassment by Defendant, Mike Byrd, toward Plaintiff continued on and off until January or February of 2013. The first incident of actual touching occurred in approximately September of 2012, when Defendant, Mike Byrd, called Plaintiff into his office and asked her to close the door, whereupon he got so close to Plaintiff that she could feel his breath and said "you know you want to kiss me." Plaintiff declined and was shocked by the Defendant's behavior, but she tried to keep the meeting on a professional level. Defendant, Mike Byrd, then asked Plaintiff to help him find something on his desk, and as she leaned over to look on the desk, Byrd grabbed her butt and began rubbing his hand up her leg close to her groin and said he wanted to "taste her pussy." Over a period of month, Defendant, Mike Byrd, told Plaintiff "I want to taste your pussy," "oh I love you, I would never do anything to hurt you. There's nothing I wouldn't give you," and also asked her to meet him at "camp" for sexual purposes, and also grabbed Plaintiff's butt. During one incident, Defendant, Mike Byrd, called Plaintiff into his office and said that he "loved her" and "wanted her: and then gave her a gold necklace, saying that he bought it to show her that he was "serious." Plaintiff did not know what to do with the necklace as she did not want it and later turned it over to the District Attorney. The aforementioned incidents generally

occurred behind closed doors in the Sheriff's office.  Each time Defendant, Mike Byrd, made these sexual advances, the Plaintiff declined and reminded Byrd that she was married.

16.     Whenever Plaintiff refused his advances, the Defendant, Mike Byrd, repeatedly told her, "I gave you sergeant, and I can take it away."  Even though Plaintiff had an "official" supervisor, Defendant, Mike Byrd, told Plaintiff that she worked directly for him and was to report directly to him.  When Defendant, Mike Byrd, discovered that Plaintiff had mentioned to someone at the Sheriff's Department that she was looking for another job, Byrd threatened Plaintiff that if she left, he would ruin her career and give her a bad recommendation.  Byrd also told Plaintiff that she needed to be "loyal" to him.

17.     During November of 2012, Defendant, Mike Byrd, after Plaintiff had repeatedly refused to cooperate with his blatant sexual advances, Byrd transferred her to the "west side" substation in Ocean Springs, in which there was no office, only a foyer for Plaintiff to work out of, as no one had ever been assigned to the sub-station in a Public Relations capacity.  Plaintiff tried to contact Byrd by telephone and text regard the transfer, as she was convinced the transfer was a punishment because she would not accept his sexual advances, but he hung up on her.  Captain Mick Sears subsequently called Plaintiff and told her not to call Sheriff Byrd again.  On or about November 27, 2012, Plaintiff was transferred to the Criminal Investigation Division ("CID") at the sub-station; however, Byrd dropped by the substation on at least two occasions and asked Plaintiff "when are we going to get together."  On another occasion, Plaintiff went by the motor pool because of car trouble with the unit assigned to her, and Byrd came out and asked her, "When are we going to get together.  I still love you."

18.     Defendant, Mike Byrd, continued to threaten her or have his employees threaten her until he left office in December of 2013.  One of the more overt threats was when Captain

Mick Sears sent a text to Plaintiff stating, "In life there are winners and losers and you have to pick sides.  If you pick the losing side, you die."  This text was sent to Plaintiff after her name was released as one of witnesses who testified before the Jackson County Grand Jury with regard to the investigation of Byrd.

19.     Because Sheriff Byrd was her ultimate supervisor, Plaintiff could not report the sexual harassment to anyone.  Further, it was well-known to Plaintiff that Byrd would fire anyone in the Sheriff's Department who refused to cooperate with him or follow his instructions.

20.     These incidents occurred during Plaintiff's employment at the Jackson County Sheriff's Department, while Defendant, Mike Byrd, was the Sheriff of Jackson County, and resulted in the injuries for which complaint is made herein.  Defendant, Mike Byrd, violated the policies and procedures of the Jackson County Sheriff's Department and the civil and constitutional rights of the Plaintiff.  The actions of Defendant, Mike Byrd, acting within the course and scope of his position as the Sheriff of Jackson County were the proximate and sole cause of the injuries, damages, and losses sustained by Plaintiff, Kristan Seibert, and were committed within the scope of his position as Sheriff of Jackson County and employment by Defendant, Jackson County, Mississippi.

21.     Defendant, Mike Byrd, as Sheriff of Jackson County, held the highest position of power in the Jackson County Sheriff's Department, and his sexual harassment of Plaintiff, Kristan Seibert, continued over a period of months, without repercussion to him and without any recourse for her, all of which occurred during the course and scope of her employment as a Sergeant with the Jackson County Sheriff's Department.

22.     Plaintiff timely filed a Charge of Discrimination alleging discrimination based on sex, sexual harassment with the Equal Employment Opportunity Commission ("EEOC") on or

about December 20, 2013.  Plaintiff received a notice of right to sue letter from the EEOC on or about January 30, 2014, a copy of which is attached hereto and incorporated herein as **Exhibit "A."**

23.     On or about December 23, 2013, Plaintiff submitted her formal written Notice of Claim pursuant to Section 11-46-11 of Mississippi Code of 1972, as amended, of her claims for injuries, damages and losses proximately resulting from the actions and sexual harassment by then Sheriff Mike Byrd toward Plaintiff, a copy of which is attached hereto and incorporated herein as **Exhibit "B."**

24.     As a proximate cause of the Defendants' wrongful acts, Plaintiff has suffered injuries and damages in excess of the minimum jurisdictional limits of this Court.  Plaintiff suffered embarrassment, humiliation, degradation, fear, stress, inconvenience, anxiety, mental and emotional anguish, mental and emotional pain and suffering, loss of earning capacity, loss of career opportunities, and loss of enjoyment of life as a result of Defendants' actions toward her. Defendants' actions have also caused Plaintiff to lose self-esteem and career advancement in the past.  Plaintiff suffered these injuries and damages in the past, and in all reasonable probability, will continue to suffer these injuries and damages in the future.

### IV.  CLAIMS FOR RELIEF

### COUNT I – VIOLATION OF § 1983

### FOURTEENTH AMENDMENT EQUAL PROTECTION (Sexual Harassment).

25.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 24 in their entirety as though fully copied and stated herein.

26.     Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

27.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs, and usages of Jackson County, Mississippi, and the Jackson County Sheriff's Department within the meaning of 42 U.S.C. § 1983.

28.     Plaintiff, Kristan Seibert, is a female employee of the Jackson County Sheriff's Department and is a member of a protected class.

29.     Defendant, Mike Byrd, made unwelcome and unwanted sexual advances and sexual comments to Plaintiff because of her sex.  Defendant, Mike Byrd, repeatedly reminded Plaintiff that her promotion to Sergeant and receipt of job benefits were conditioned upon her compliance with his requests and could be terminated at any time.

30.     Defendant, Mike Byrd's, conduct constitutes sex discrimination in violation of Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

31.     Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd.  The Defendants failure to remedy and prevent such violations of law established an ongoing and pervasive sexual harassment as the custom and policy of the Jackson County Sheriff's Department.

32.     The Defendants failure to remedy and prevent unlawful conduct, and failure to remedy and prevent such violations of law, demonstrated deliberate indifference to the risk that such activities would result in constitutional violations.

33.     The Defendants, implicitly and explicitly, with intent and knowledge of the foreseeable consequences, condoned, authorized, or ratified the conduct of Defendant, Mike Byrd, which promoted or permitted a working environment where such conduct was tolerated,

condoned, or encouraged, and systematically violated their own purported policies and procedures prohibiting sexual harassment in the workplace.  Sex discrimination through sexual harassment was the custom, usage and unwritten policy of Sheriff Mike Byrd and thus of the Jackson County Sheriff's Department and Jackson County, Mississippi.  The Defendants were deliberately indifferent to the unlawful and unconstitutional activities that occurred daily or on an ongoing regular basis at the Jackson County Sheriff's Department.

34.     Defendants, acting under color of state law, violated the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1983.

## COUNT II – VIOLATION OF § 1983

**FOURTEENTH AMENDMENT EQUAL PROTECTION (Hostile Work Environment)**.

35.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 34 in their entirety as though fully copied and stated herein.

36.     Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

37.     At all times relevant to this Complaint, Defendants and their agents were acting under color of the laws, customs, and usages of Jackson County, Mississippi, and the Jackson County Sheriff's Department within the meaning of 42 U.S.C. § 1983.

38.     Defendant, Mike Byrd, made unwelcome and unwanted sexual advances and sexual comments to Plaintiff because of her sex.  These sexual advances and comments subjected Plaintiff to intimidation, fear of retaliation if she did not comply, and were so severe and pervasive that they altered the conditions of Plaintiff's working environment, constituting a hostile work environment.

39.     Defendant Byrd's conduct constituted sex discrimination in violation of Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

40.     Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd.   The Defendants failure to remedy and prevent such violations of law established an ongoing and pervasive sexual harassment as the custom and policy of the Jackson County Sheriff's Department.

41.     The Defendants failure to remedy and prevent unlawful conduct, and failure to remedy and prevent such violations of law, demonstrated deliberate indifference to the risk that such activities would result in constitutional violations.

42.     The Defendants, implicitly and explicitly, with intent and knowledge of the foreseeable consequences, condoned, authorized, or ratified the conduct of Defendant, Mike Byrd, which promoted or permitted a working environment where such conduct was tolerated, condoned, or encouraged, and systematically violated their own purported policies and procedures prohibiting sexual harassment in the workplace.   Sex discrimination through sexual harassment was the custom, usage and unwritten policy of Sheriff Mike Byrd and thus of the Jackson County Sheriff's Department and Jackson County, Mississippi.   The Defendants were deliberately indifferent to the unlawful and unconstitutional activities that occurred daily or on an ongoing regular basis at the Jackson County Sheriff's Department.

43.     Defendants, acting under color of state law, violated the federally protected rights of Plaintiff in violation of 42 U.S.C. § 1983.

## COUNT III – VIOLATION OF TITLE VII (Sexual Harassment)

44.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 43 in their entirety as though fully copied and stated herein.

45.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex …; or (2) to limit, segregate, or classify his employees … in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's … sex."

46.     Plaintiff, Kristan Seibert, as a woman, is a member of a protected group.

47.     Plaintiff's ultimate supervisor Sheriff Mike Byrd engaged in offensive conduct of a sexual nature on a regular basis, including commenting on Plaintiff's physical appearance, making lewd remarks, engaging in unwanted physical contact, and pressuring her to engage in sexual relations, all because of her sex.

48.     At all times relevant to the instant cause of action, Defendant Mike Byrd had the final power to make decisions regarding promotions and the terms and conditions of employment at the Jackson County Sheriff's Department.  Defendant Mike Byrd's actions and unwanted and unwelcome sexual conduct and harassment were so severe and pervasive that they constituted sex discrimination and sexual harassment.

49.     The procedures to report and address these incidents were woefully inadequate since any such activities reported by an employee would then be reported by Human Resources

to Sheriff Byrd and would therefore be ignored or result in retaliation against the employee making the complaint.

50.     The Defendant, Jackson County, Mississippi, by and through its employee, Defendant, Mike Byrd, former Sheriff of Jackson County, violated Plaintiff's rights under Title VII (42 U.S.C. § 2000e, et seq.) by engaging in actions and/or activities constituting sexual harassment against Plaintiff, Kristan Seibert, as alleged above.

51.     These violations by Defendant, Jackson County, Mississippi, by and through its employee, Defendant, Mike Byrd, former Sheriff of Jackson County, were based upon Plaintiff's sex, and affected the terms, conditions and/or privileges of her employment with the Jackson County Sheriff's Department.

52.     With respect to those allegations hereinabove, Plaintiff contends that the actions, practices and omissions on the part of the Defendants caused her to be unlawfully discriminated against on the basis of her sex, as a result of which her civil rights have been unlawfully violated.

53.     Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd.  The Defendants failure to remedy and prevent such violations of law established an ongoing and pervasive sexual harassment as the custom and policy of the Jackson County Sheriff's Department.

54.     The Defendants' discriminatory practices caused Plaintiff harm, including but not limited to embarrassment, humiliation, degradation, fear, stress, anxiety, inconvenience, mental and emotional anguish, mental and emotional pain and suffering, loss of earning capacity, loss of career opportunities, loss of enjoyment of life and other non-pecuniary damages in amounts to be determined at trial.

55.     In addition, Plaintiff has incurred and continues to incur attorney's fees and other costs related to the prosecution of this action.

56.     Accordingly, the Defendants violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

### COUNT IV – VIOLATION OF TITLE VII (Hostile Work Environment)

57.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 56 in their entirety as though fully copied and stated herein.

58.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), it is an unlawful employment practice for an employer to "(1) discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex …; or (2) to limit, segregate, or classify his employees … in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's … sex."

59.     Plaintiff, Kristan Seibert, as a woman, is a member of a protected group.

60.     Plaintiff's ultimate supervisor Sheriff Mike Byrd engaged in offensive conduct of a sexual nature on a regular basis, including commenting on Plaintiff's physical appearance, making lewd remarks, engaging in unwanted physical contact, and pressuring her to engage in sexual relations, all because of her sex.

61.     The comments by Defendant, Mike Byrd, were sufficiently severe and pervasive as to alter the terms, conditions and privileges of employment, and to create an abusive, intimidating, hostile, and offensive working environment for Plaintiff.

62.     The unwelcome sexual advances made by Defendant, Mike Byrd, toward Plaintiff constituted sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

63.     Defendant, Mike Byrd, was acting within the course and scope of his employment as Sheriff of Jackson County when he sexually harassed Plaintiff and the harassment took place in the workplace during working hours.

64.     At all times relevant to the instant cause of action, Defendant Mike Byrd had the final power to make decisions regarding promotions and the terms and conditions of employment at the Jackson County Sheriff's Department.  Defendant Mike Byrd's actions and unwanted and unwelcome sexual conduct and harassment were so severe and pervasive that they constituted sex discrimination and sexual harassment and thus created a hostile work environment.

65.     The procedures to report and address these incidents were woefully inadequate since any such activities reported by an employee would then be reported by Human Resources to Sheriff Byrd and would therefore be ignored or result in retaliation against the employee making the complaint.

66.     The Defendant, Jackson County, Mississippi, by and through its employee, Defendant, Mike Byrd, former Sheriff of Jackson County, violated Plaintiff's rights under Title VII (42 U.S.C. § 2000e, et seq.) by engaging in actions and/or activities constituting hostile work environment and/or sexual harassment against Plaintiff, Kristan Seibert, as alleged above.

67.     These violations by Defendant, Jackson County, Mississippi, by and through its employee, Defendant, Mike Byrd, former Sheriff of Jackson County, were based upon Plaintiff's sex, and affected the terms, conditions and/or privileges of her employment with the Jackson County Sheriff's Department.

68.     With respect to those allegations hereinabove, Plaintiff contends that the actions, practices and omissions on the part of the Defendants caused her to be unlawfully discriminated against on the basis of her sex, as a result of which her civil rights have been unlawfully violated.

69.     Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd.  The Defendants failure to remedy and prevent such violations of law established an ongoing and pervasive sexual harassment and hostile work environment as the custom and policy of the Jackson County Sheriff's Department.

70.     The Defendants' discriminatory practices caused Plaintiff harm, including but not limited to embarrassment, humiliation, degradation, fear, stress, anxiety, inconvenience, mental and emotional anguish, mental and emotional pain and suffering, loss of earning capacity, loss of career opportunities, loss of enjoyment of life and other non-pecuniary damages in amounts to be determined at trial.

71.     In addition, Plaintiff has incurred and continues to incur attorney's fees and other costs related to the prosecution of this action.

72.     Accordingly, the Defendants violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

### COUNT V – VIOLATION OF TITLE VII (Retaliation)

73.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 72 in their entirety as though fully copied and stated herein.

74.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), it is an unlawful employment practice for an employer to "(1) discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex …; or (2) to limit, segregate, or classify his employees … in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's … sex."

75.     Plaintiff, Kristan Seibert, as a woman, is a member of a protected group.

76.     Defendant, Mike Byrd, was acting within the course and scope of his employment as Sheriff of Jackson County when he sexually harassed Plaintiff and the harassment took place in the workplace during working hours.

77.     At all times relevant to the instant cause of action, Defendant Mike Byrd had the final power to make decisions regarding promotions and the terms and conditions of employment at the Jackson County Sheriff's Department.  Defendant Mike Byrd's actions and unwanted and unwelcome sexual conduct and harassment were so severe and pervasive that they constituted sex discrimination and sexual harassment and thus created a hostile work environment.

78.     The procedures to report and address these incidents were woefully inadequate since any such activities reported by an employee would then be reported by Human Resources to Sheriff Byrd and would therefore be ignored or result in retaliation against the employee making the complaint.

79.     Plaintiff opposed the unlawful employment practices of the Jackson County Sheriff's Department by objecting to and refusing Defendant, Mike Byrd's, sexual advances and sexual comments.

80.     Plaintiff's refusal to comply with Defendant, Mike Byrd's, sexual advances and sexual comments resulted in her being transferred to the sub-station in Ocean Springs with an office in the foyer of the sub-station and without materials that were necessary for her to perform

her work responsibilities.  When Plaintiff tried to contact Sheriff Mike Byrd regarding the transfer, she was specifically instructed by Captain Mick Sears that she was not to call or contact Byrd.

81.     After Plaintiff's name was released to the public as a witness before the Jackson County Grand Jury with regard to the investigation of Sheriff Mike Byrd, she received a threatening text message from Captain Sears, which upon information and belief was sent to her at the direction of Defendant, Mike Byrd.

82.     Defendant, Mike Byrd, was acting within the course and scope of his employment as Sheriff of Jackson County when he retaliated against Plaintiff.

83.     Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd.  The Defendants failure to remedy and prevent such violations of law established an ongoing and pervasive sexual harassment and retaliation as the custom and policy of the Jackson County Sheriff's Department.

84.     The Defendant, Jackson County, Mississippi, and Defendant, Mike Byrd, former Sheriff of Jackson County, violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3.

**COUNT VI - STATE LAW CLAIMS**

85.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 84 in their entirety as though fully copied and stated herein.

86.     Plaintiff is a female employee of the Jackson County Sheriff's Department and is a member of a protected class.

87.    Defendant, Mike Byrd, while acting in the course and scope of his position as Sheriff of Jackson County, made unwelcome and unwanted sexual advances and sexual comments to Plaintiff because of her sex.

88.    At all times relevant to the instant cause of action, Defendant Mike Byrd, as Sheriff of Jackson County, had the final power to make decisions regarding promotions and the terms and conditions of employment at the Jackson County Sheriff's Department.

89.    Defendant, Mike Byrd, made it abundantly clear to the Plaintiff that refusal of his sexual advances, could result in her demotion or termination, and that if she left the Sheriff's Department without his consent, he would ruin her career and give her a bad recommendation. The Defendant conditioned Plaintiff's receipt of job benefits on her acquiescence to his sexual advances.

90.    The unwelcome sexual advances made by  Defendant, Mike Byrd, toward Plaintiff constituted sexual harassment in violation of policies and procedures of the Jackson County  Sheriff's Department and the laws of the State of Mississippi.

91.    Defendant, Mike Byrd, was acting in the course and scope of his employment with Jackson County, Mississippi, when he sexually harassed Plaintiff in violation of the laws of the State of Mississippi.

92.    Defendant, Jackson County, Mississippi, knew or should have known of the unlawful conduct of Sheriff Mike Byrd, as it had notice and knowledge of unlawful conduct by Byrd, but it failed to remedy and prevent such violations of law or take remedial action to prevent the ongoing and pervasive sexual harassment, hostile work environment, and retaliation that had become the custom and policy of the Jackson County Sheriff's Department.

93.     The Defendants' discriminatory practices caused Plaintiff harm, including but not limited to embarrassment, humiliation, degradation, fear, stress, anxiety, inconvenience, mental and emotional anguish, mental and emotional pain and suffering, loss of earning capacity, loss of career opportunities, loss of enjoyment of life and other non-pecuniary damages in amounts to be determined at trial.

94.     With respect to those allegations hereinabove, the Plaintiff contends that she has suffered serious emotional distress and humiliation, as well as mental and emotional injury due to the actions of the Defendant, Jackson County, Mississippi, by and through its agents, particularly, but necessarily limited to, Defendant, Mike Byrd, both in his official capacity as Sheriff and in his individual capacity; that she is therefore entitled to specific redress for damages sustained by her as a result of the acts, practices and omissions on the part of the Defendants.  In this respect, specifically, but not necessarily limited to, the Plaintiff charges that the Defendants have subjected her to intentional infliction of emotional distress and sexual harassment.  As a result of these actions and omission on the part of the Defendants, the Plaintiff contends that she is entitled to an award of compensatory damages against the Defendants jointly and severally, and that further, as a result of their willful and wanton actions and omissions, the Plaintiff is further entitled to an award of punitive damages as well in order to punish the Defendants for their wrongful conduct.

## COUNT VII - Attorney Fees

95.     The Plaintiff adopts, re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 94 in their entirety as though fully copied and stated herein.

96.     As a direct and proximate cause of the Defendants' actions, it was necessary for Plaintiff to retain legal services of r. Keith Miller of Miller & Miller Attorneys at Law, PLLC and Douglas L. Tynes, Jr. of Tynes Law Firm, P.A. in order to pursue her claim for violations of Plaintiff's civil and constitutional rights and for unlawful employment practices against the Defendants.

97.     Plaintiff contends that she is entitled to an award of reasonable attorney fees as a part of the cost of prosecuting the present cause of action pursuant to Title VII as amended by the 1991 Civil Rights Act of the 1964 Civil Rights Act, and the Civil Rights Attorney's Fees Award Act 42 U.S.C. § 1988.

## V.  DAMAGES AND REMEDIES

98.     The actions of the Defendants, and each of them, are malicious, unlawful, and/or so grossly negligent as to make these Defendants liable to the Plaintiff for punitive damages. Likewise the deliberate indifference of Jackson County, Mississippi rises to a level of gross negligence and should subject it to punitive damages.

99.     As a direct and proximate result of Defendants' actions described hereinabove, the Plaintiff was caused to suffer the following injuries and damages:

      A.    Past, present and future emotional distress and mental anguish, embarrassment, humiliation, degradation, shame, fear, stress, anxiety, inconvenience, loss of enjoyment of life, loss of self-esteem, mental and emotional pain and suffering, loss of earning capacity, loss of career opportunities, all of which Plaintiff suffered;

      B.    Past, present and future lost wages and loss of wage earning capacity;

C.   Attorney fees and costs pursuant to 42 U.S.C. §2000e *et seq.*, as amended by the 1991 Civil Rights Act and 42 U.S.C. §1988, plus pre-judgment and post-judgment interest; and

D.   All other damages available under federal and state law, including punitive and/or exemplary damages.

100.   On information and belief, Plaintiff alleges that her injuries will be permanent and that they have had significant consequences on her life.

101.   That the aforesaid damages to the Plaintiff having been proximately caused by the negligence, gross negligence, wanton indifference, reckless disregard and/or malicious or intentional acts of the Defendants, the Plaintiff is entitled to sue and recover damages proximately resulting there from, including compensatory damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest, and such other relief as Plaintiff may be entitled to under the laws of Mississippi and the United States.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands judgment of and from the Defendants in an amount that will reasonably compensate Plaintiff for her injuries and/or damages and to punish Defendants in order to deter future wrongful conduct, including but not limited to the following:

a.   Compensatory and/or punitive damages directed against the Defendants, jointly and severally, in excess of $75,000, exclusive of all costs and interest, as provided under the 1991 Civil Rights Act, for the embarrassment, humiliation, mental and emotional pain and suffering, emotional distress, and personal injuries sustained by the Plaintiff as a result of the actions, practices and omission of the Defendants in their treatment of the Plaintiff;

c.      Additional compensatory damages directed against the Defendants, jointly and severally, in excess of $75,000, exclusive of all costs and interest, as provided under the 1991 Civil Rights Act, for the embarrassment, humiliation, pain and suffering, emotional distress and personal injuries sustained by Plaintiff as a result of the actions, practices and omission of the Defendants, jointly and severally, as provided under Federal and Mississippi law;

d.      Additional punitive damages directed against the Defendants, jointly and severally, in excess of $75,000, exclusive of costs and interest, for the willful and wanton actions, practices and omissions on the part of the Defendants jointly and severally, as described hereinabove, as provided under Mississippi law;

e.      Reasonable attorney fees pursuant to 42 U.S.C. §2000e *et seq*., as amended by the 1991 Civil Rights Act and 42 U.S.C. §1988; and

f.      All costs of court incurred herein, as well as all pre-judgment and post-judgment interest as may be allowed by law.

Date:  July 25, 2014.

Respectfully submitted,
**KRISTAN SEIBERT**


BY:   _s/Douglas L. Tynes, Jr.___
       DOUGLAS L. TYNES, JR. (MSB # 101921)
       Attorney for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I, DOUGLAS L. TYNES, JR., do hereby certify that I electronically filed the above and foregoing *Amended Complaint* with the Clerk of the Court utilizing the ECF system, which provides notification of said filing to the following:

<u>Counsel for Jackson County, Mississippi;</u>
<u>and Mike Byrd, Individually and in his Official Capacity</u>:
Ryan A. Frederick (MSB # 102612)
Office of the Board Attorney
Post Office Box 998
Pascagoula, MS 39568-0998
rfrederic@jcboardatty.com

<u>Counsel for Travelers Casualty and Surety Company of America</u>:
Ellie B. Word (MSB # 100708)
Alec M. Taylor (MSB # 102874)
Krebs, Farley & Pelleteri, PLLC
One Jackson Place, Suite 900
188 East Capitol Street
Jackson MS 39201
Email: eword@kfplaw.com
        ataylor@kfplaw.com

ON THIS the 25th day of July, 2014.

_____*s/Douglas L. Tynes, Jr.*_____
DOUGLAS L. TYNES, JR.

DOUGLAS L. TYNES, JR. (MSB # 101921)
Tynes Law Firm, P.A.
525 Krebs Avenue (39567)
Post Office Drawer 966
Pascagoula, MS 39568-0966
(228) 769-7736 Telephone
(228) 769-8466 Facsimile
monte@tyneslawfirm.com

R. KEITH MILLER (MSB # 9475)
Miller & Miller Attorneys at Law, PLLC
1126 Jackson Avenue, Suite 401
Pascagoula, MS 39568
(228) 762-8912 Telephone
(228) 762-8913 Facsimile
millerandmilleratty@gmail.com

24