IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KRISTAN SEIBERT**                                                                     **PLAINTIFF**

**V.**                          **CIVIL ACTION NO. 1:14-CV-188-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                     **DEFENDANTS**

<u>MEMORANDUM OPINION AND ORDER</u>

For the reasons stated below, the Court **grants in part and denies in part** the Motion to Dismiss [11] filed by Defendant Mike Byrd. Specifically, the Court grants the motion as to Plaintiff's official-capacity Section 1983 claims, but denies it in all other respects. The Court **denies** the Motion to Dismiss [10] filed by Defendant Jackson County, Mississippi.

### I. BACKGROUND

This is a sexual harassment/hostile work environment case. Plaintiff was an officer in the Jackson County Sheriff's Department. She alleges that her boss, Sheriff James Michael "Mike" Byrd began making unwanted sexual advances toward her in May 2012, including touching, lewd remarks, and repeated requests for her to have sex with him. She claims that Byrd threatened to take her job from her if she did not comply with his demands. After Plaintiff refused to cooperate, Byrd transferred her to a different station but continued to threaten her or have others threaten her until he left office in December 2013.

Plaintiff filed this lawsuit, asserting claims under 42 U.S.C. § 1983 and Title VII against Jackson County, Mississippi, and Mike Byrd in his individual and official

capacities. Each Defendant filed a Motion to Dismiss [10, 11], and the motions are ripe for review.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III. BYRD'S MOTION TO DISMISS [11]

### A.    *Section 1983 Official Capacity Claims*

First, Defendant Byrd argues that the Court should dismiss Plaintiff's Section 1983 claims against him in his official capacity.

> Claims under § 1983 may be brought against persons in their individual or official capacity, or against a governmental entity. Personal-capacity suits seek to impose liability upon a government official as an individual

> while official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Thus, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009) (punctuation and citations omitted). Defendant Byrd argues, therefore, that Plaintiff's official-capacity claims should be dismissed as redundant, as Jackson County, Mississippi, was also named as a Defendant.

When a plaintiff asserts official-capacity claims against a government official under Section 1983, "the real party in interest is the [government] entity." *Id.* at 395-96 (official capacity claims subsumed by claims against government entity); *cf. Hunt v. Allison*, No. 1:09-CV-131-HSO-JMR, 2010 U.S. Dist. LEXIS 114634, at *45-*46 (S.D. Miss. Sept. 2, 2010) (claims against county were redundant where claims against sheriff in official capacity had already been asserted). There is no advantage to Plaintiff, practical or otherwise, in retaining the official-capacity claims against Byrd alongside the Section 1983 claims against the County. Furthermore, maintaining both claims would needlessly clutter the record, and "the real party in interest" is the County. *Goodman*, 571 F.3d at 396. The Court grants Defendant Byrd's motion to dismiss as to Plaintiff's Section 1983 official-capacity claims.

### B.  *"Fifth Amendment" Claims*

Next, Defendant Byrd argues that Plaintiff's Section 1983 sexual harassment claims should be dismissed because Plaintiff asserted them under the Fifth Amendment's Equal Protection Clause, rather than the Fourteenth Amendment's

3

Equal Protection Clause.

Indeed, "sexual harassment in public employment violates the Equal Protection Clause of the Fourteenth Amendment," rather than the Fifth Amendment. *Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 166 (5th Cir. 2007). However, the Court permitted Plaintiff to file an Amended Complaint [25], in which she corrected the error and cited the Fourteenth Amendment. Therefore, this argument is moot.

### C.   *Title VII Claims*

Finally, Defendant Byrd argues that Plaintiff's Title VII claims must be dismissed because he is not an "employer" as defined by the statute. "Determining whether a defendant is an 'employer' under Title VII . . . involves a two-step process. First, the defendant must fall within the statutory definition. Second, there must be an employment relationship between the plaintiff and the defendant." *Deal v. State Farm County Mut. Ins. Co.*, 5 F.3d 117, 118 n. 2 (5th Cir. 1993).

First, "[T]itle VII does not permit the imposition of liability upon individuals unless they meet [its] definition of 'employer.'" *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). "The term 'person' includes one or more individuals, governments, government agencies, [and] political subdivisions . . . ." 42 U.S.C. § 2000e(a). Therefore, Title VII's definition of an 'employer' includes individuals, political subdivisions, and their agents. 42 U.S.C. § 2000e(a)-(b).

4

Second, "in determining whether an employment relationship exists within the meaning of Title VII . . . , we apply a 'hybrid economic realities/common law control test.'" *Deal*, 5 F.3d at 118-19.

> The right to control an employee's conduct is the most important component of this test. When examining the control component, we have focused on whether the alleged employer has the right to hire and fire the employee, the right to supervise the employee, and the right to set the employee's work schedule. The economic realities component of our test has focused on whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment.

*Id.* at 119 (punctuation and citations omitted).

While federal law determines whether a person is an "employer" under Title VII, "courts can look to state law to understand the nature of the employment relationship." *Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001). Looking to Mississippi law, the Fifth Circuit held that a Mississippi sheriff was his deputy's "employer" under Title VII. *Id.* (citing MISS. CODE ANN. § 19-25-19). The Court noted that the sheriff was "solely responsible for hiring, promoting, and establishing the deputies' wages." *Id.* Because he "was the elected official who made all decisions concerning promotions within the Sheriff's Department, he was" the deputy's employer under Title VII, and the Fifth Circuit reversed the district court's Title VII judgment against the county and the sheriff individually. *Id.* At least one District Judge in this state has interpreted *Oden* as holding that the proper Title VII defendant is the sheriff in his official capacity, rather than the county or the sheriff individually. *See Rogers v. Humphrey County*, No. 4:09-CV-37, 2009 U.S. Dist. LEXIS 103863, at *2 (N.D. Miss. Oct. 15,

2009); *Miller v. Choctaw County Sheriff's Dep't*, No. 1:04-CV-96, 2006 U.S. Dist. LEXIS 14649, at *8-*9 (N.D. Miss. Mar. 13, 2006).

It is neither necessary nor prudent for the Court to make a definitive ruling on this issue right now. Neither party has adequately briefed the issue, and determining Plaintiff's "employer" under Title VII requires determining facts about "hiring, promoting, and establishing the deputies' wages," as well as "who made all decisions concerning promotions within the Sheriff's Department . . . ." *Oden*, 246 F.3d at 465. Plaintiff alleged [25] that Defendant Byrd was "her ultimate and final supervisor and in charge of all supervision, training, and management over all detectives and deputies of the Jackson County Sheriff's Department and final policymaker for the Jackson County Sheriff's Department." She also alleged that Defendant Byrd "had the final power to make decisions regarding promotions and the terms and conditions of employment at the Jackson County Sheriff's Department." These allegations are sufficient to state a Title VII claim against Defendant Byrd as Plaintiff's "employer," and Defendant Byrd's motion to dismiss must be denied. If Defendants wish to revisit this issue later in the case, they are free to do so.[1]

---

[1] Defendant cited Fifth Circuit decisions including general statements that "[i]ndividuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Communs., Inc.*, 339 F.3d 376, 381 n. 1 (5th Cir. 2003); *see also Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir. 2003); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002). None of these decisions involve a Mississippi sheriff's department, however, and the Court questions their utility in applying the "hybrid economic realities/common law" test explained above. *See Deal*, 5 F.3d at 118-19. Furthermore, a bright-line rule that an individual can never constitute an "employer" under Title VII would contradict the plain language of the statute. *See* 42 U.S.C. § 2000e(a)-(b).

### IV. JACKSON COUNTY'S MOTION TO DISMISS [10]

Defendant Jackson County argues that the Court should dismiss Plaintiff's "Fifth Amendment" claims because "sexual harassment in public employment violates the Equal Protection Clause of the Fourteenth Amendment," rather than the Fifth Amendment. *Lauderdale*, 512 F.3d at 166. The Court denies the motion [10] as moot. Plaintiff filed an Amended Complaint [25] in which she asserts claims for violations of the Fifth Amendment's Equal Protection Clause.

### V. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** the Motion to Dismiss [11] filed by Defendant Mike Byrd. Specifically, the Court grants the motion as to Plaintiff's official-capacity Section 1983 claims, but denies it in all other respects. The Court **denies** the Motion to Dismiss [10] filed by Defendant Jackson County, Mississippi.

SO ORDERED AND ADJUDGED this 19th day of August, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

The apparently contradictory nature of these authorities provides more reason to deny Defendant Byrd's motion to dismiss and allow the parties to address the issue on a later date. If, however, the parties were to resolve the issue by stipulation, neither the parties nor the Court would be forced to unravel this particular knot, and the parties could focus on more substantial matters of disagreement.