**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KRISTAN SEIBERT**                                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO. 1:14-CV-188-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion in Limine [86] to exclude the testimony of Janell Harvey, and the Court **denies** Defendants' Motion to Compel [91].

**A.**     *Background*

Janell Harvey is a licensed professional counselor who treated Plaintiff, but Plaintiff did not identify Harvey as a potential witness in her initial disclosures or designate her as an expert witness. Plaintiff first identified Harvey in a response [91-1] to Defendant's interrogatory concerning medical treatment providers. She represented that she had seen Harvey for marriage counseling and to talk about her work on sexual and child abuse cases.

On March 27, 2015, Defendants' counsel sent a letter [91-2] to Harvey requesting her records of Plaintiff's treatment, accompanied by an authorization executed by Plaintiff. Harvey never responded. A month later – two days before the discovery deadline and two weeks before the motions deadline – Defendant took Plaintiff's deposition. Plaintiff testified [91-3] that she had spoken with Harvey about Defendant Byrd's alleged actions, and she agreed to provide Harvey's records.

1

On May 4, 2015, Defendants' counsel followed up [96-2] with Plaintiff's counsel regarding Harvey's records. On May 6, 2015, Plaintiff's counsel sent correspondence [96-3] to Harvey requesting any records she may have and a letter regarding Plaintiff's treatment. Plaintiff's counsel received a letter [92-1] from Harvey on May 18, 2015 – but no treatment records – and forwarded it to Defendants' counsel with supplemented disclosures and discovery responses.

On July 28, 2015, Defendant served Harvey with a subpoena [91-5] requesting any records related to her treatment of Plaintiff. Harvey never responded. On August 11, 2015, Defendants' counsel sent a letter [91-6] to Harvey requesting that she comply with the subpoena, but Harvey did not respond.

Defendant subsequently filed a Motion in Limine [86] to exclude Harvey's testimony, and a Motion to Compel [91] Harvey to comply with the subpoena.

## B.   *Expert Testimony*

First, Defendants argue that Harvey's testimony should be excluded because Plaintiff failed to designate her as an expert witness. In response, Plaintiff represents that she has no intention of offering Harvey as an expert. Therefore, the Court grants this aspect of Defendants' motion as unopposed.

Alternatively, Rule 26 provides that "a party must disclose to the other party the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially

employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). Among other things, the report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," and "the facts or data considered by the witness in forming them . . . ." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii). The proponent of the expert testimony must also supplement these disclosures if he learns that they are incorrect or incomplete. FED. R. CIV. P. 26(e). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When applying Rule 37, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Here, Plaintiff provided no explanation for failing to designate Harvey as an expert witness. Harvey's testimony may be moderately important to Plaintiff's case, but "expert testimony showing actual harm to prove mental injury is not always required." *Univ. of S. Miss. v. Williams*, 891 So. 2d 160, 173 (Miss. 2004). Allowing Harvey to testify as an expert would prejudice Defendants insofar as they did not receive timely notice of her opinions and had no opportunity to depose her as an expert or obtain rebuttal testimony. Finally, there is no time to cure the prejudice, as the trial of this matter is scheduled to begin in less than three weeks, on September 14, 2015. Therefore, any proposed expert testimony from Harvey must be excluded pursuant to Rule 37.

3

*C.*     *Fact Testimony*

Plaintiff disclosed Harvey's identity on March 23, 2015, in her responses to Defendants' interrogatories [91-1]. Therefore, it appears to be undisputed that Plaintiff timely disclosed Harvey as a fact witness. Defendant argues that Harvey's fact testimony will consist of inadmissible hearsay insofar as she will only repeat what Plaintiff told her.

In the past, the Court has permitted medical providers to testify as fact witnesses when a party failed to comply with the disclosure requirements for expert witnesses. *See, e.g. Payne v. Univ. of S. Miss.*, No. 1:12-CV-41-KS-MTP, 2014 U.S. Dist. LEXIS 49739, at *10 (S.D. Miss. Apr. 10, 2014); *Gerald v. Univ. of S. Miss.*, No. 2:12-CV-147-KS-MTP, 2013 U.S. Dist. LEXIS 146728, at *20 (S.D. Miss. Oct. 10, 2013); *BC's Heating & Air & Sheet Metal Works, Inc. v. Vermeer Mfg. Co.*, No. 2:11-CV-136-KS-MTP, 2012 U.S. Dist. LEXIS 111906, at *5-*6 (S.D. Miss. Aug. 9, 2012). The Court will likewise permit Harvey to testify as a fact witness. But she may only "testify as to basic facts known to [her] as the treating physician without expressing any opinion at all." *Robbins v. Ryan's Family Steak House E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. 2004). She may not provide any testimony informed by or based on her experience or training as a licensed professional counselor or any other specialized or technical knowledge. For example, Harvey stated in her letter that Plaintiff's "body posture displayed shame and guilt which is very typical of abused women . . . ." She said that "[w]omen who have been sexually harassed often show" symptoms similar to those allegedly suffered by Plaintiff. These professional opinions are not admissible as fact testimony.

Additionally, Harvey may not testify as to what Plaintiff told her during counseling

4

sessions. Plaintiff argues that such testimony is admissible under Rule 801(d)(2). Plaintiff is mistaken. Rule 801(d)(2) provides that an *opposing party's* out-of-court statement is not hearsay in certain circumstances. FED. R. EVID. 801(d)(2); *United States v. Nelson*, 732 F.3d 504, 515 (5th Cir. 2013). In other words, Rule 801(d)(2) removes admissions by a party-opponent from the definition of hearsay. *See Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012). Plaintiff is not permitted to offer her own out-of-court statements under Rule 801(d)(2). *See United States v. Anderton*, 679 F.2d 1199, 1203 (5th Cir. 1982) ("That rule applies only to the admission of a statement against a party. It does not avail one in this rather unusual position who seeks to introduce the evidence in his own behalf.").

### D.  Lay Opinion Testimony

Plaintiff argues that Harvey may provide lay opinion testimony. Rule 701 provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. Subsection (c)'s purpose is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." FED. R. EVID. 701, Advisory Committee's Note to 2000 Amendment. It was "not intended to affect the prototypical examples of the type of evidence contemplated by the adoption of Rule 701 relating to the appearance of persons or things, . . . the

5

manner of conduct, . . . and an endless number of items that cannot be described factually in words apart from inference." *Id.*

"The distinction between lay and expert testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." *United States v. Sosa*, 513 F.3d 194, 200 (5th Cir. 2008). "[A] lay opinion must be the product of reasoning processes familiar to the average person in everyday life," and "*any* part of a witness's opinion that rests on scientific, technical, or specialized knowledge must be determined by reference to Rule 702, not Rule 701." *Id.* "To be considered expert, testimony must involve more than common sense or the [witness's] past experience formed from firsthand observation." *United States v. Ebron*, 683 F.3d 105, 138 (5th Cir. 2012).

Lay witnesses may not provide an opinion which "requires specialized medical knowledge." *United States v. York*, 600 F.3d 347, 361 (5th Cir. 2010). Such testimony "is not the type of opinion that one could reach as a process of everyday reasoning." *Id.* However, this Court has previously ruled that lay witnesses could provide opinion testimony as to a party's emotional state based on their personal observation of the party. *See Ishee v. Fannie Mae*, No. 2:13-CV-234-KS-MTP, 2014 U.S. Dist. LEXIS 165910, at *3-*4 (S.D. Miss. Nov. 26, 2014). As the Court previously noted, it is "arguable that such opinion testimony is the 'product of everyday reasoning processes familiar to the average person in everyday life,' and arises from 'common sense' and 'firsthand observation.'" *Id.* at *4 (quoting *Sosa*, 513 F.3d at 194; *Ebron*, 683 F.3d at 138). "One does not need a medical degree to observe another person and discern

6

whether they are upset." *Id.* (citing *United States v. Heard*, 709 F.3d 413, 422 (5th Cir. 2013) (lay witness permitted to give opinion testimony as to defendant's mental state/intent in criminal case)).

The opinions contained in Harvey's letter [92-1] fall outside the scope of "common sense" and "everyday reasoning." Harvey stated in her letter that Plaintiff's "body posture displayed shame and guilt which is very typical of abused women . . . ." She reported that Plaintiff "reported that she hadn't been able to eat, drink or sleep," and that "[w]omen who have been sexually harassed often show" such symptoms. She provided her "professional opinion that the harassment by" Defendant Byrd caused "much of the anxiety" with which Plaintiff allegedly struggles, and that Plaintiff has a "long struggle" ahead of her in recovery. All of these opinions are informed by Harvey's experience and training as a licensed professional counselor, and, therefore, they are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701(c). Accordingly, they are not admissible as lay opinion testimony. In fact, the letter contains no opinions which are admissible as lay opinions.

The Court can not evaluate testimony which is not before it in some form, whether via deposition transcript or otherwise. Therefore, it can not provide a ruling as to any other potential opinion testimony from Harvey. The Court is skeptical as to whether Harvey – a licensed professional counselor and medical professional – can provide opinions that are solely "the product of reasoning processes familiar to the average person in everyday life" and not based on "scientific, technical, or specialized knowledge." *Sosa*, 513 F.3d at 200. Furthermore, such opinion testimony may be unfairly prejudicial insofar as the jury may interpret the purported lay

opinion as an expert opinion because of Harvey's status as a licensed professional counselor. *See* FED. R. EVID. 403. Ultimately, the Court must hear the testimony to assess its admissibility. Therefore, the Court defers further ruling until Plaintiff makes a proffer of the proposed opinion testimony.

### E.     *The Letter [92-1]*

Defendant argues that the letter provided by Harvey is inadmissible hearsay, and that the letter is inadmissible because it contains expert opinions which were not timely disclosed. In response, Plaintiff represents that she does not intend to offer the letter at trial. Therefore, the Court grants this aspect of Defendant's motion as unopposed.

### F.     *Motion to Compel [91]*

Finally, Defendants filed a Motion to Compel [91] Harvey to produce certain documents or to issue a show cause order regarding her failure to comply with the subpoena. Defendants have known that Harvey treated Plaintiff since March 23, 2015, when they received Plaintiff's responses to their interrogatories. The discovery deadline expired on May 1, 2015. Defendants never noticed Harvey's deposition, and they did not subpoena her records until July 28, 2015 – almost two full months after the discovery deadline had expired. They did not file a motion to compel or otherwise seek relief from the Court until August 13, 2015.

"Motions regarding subpoenas will be considered discovery motions and are governed by the procedural requirements that govern discovery motions." L.U.Civ.R. 45(e). Local Rule 7(b) provides: "A party must file a discovery motion sufficiently in advance of the discovery deadline to allow response to the motion, ruling by the court and time to effectuate the court's order

before the discovery deadline." L.U.Civ.R. 7(b)(2)(B). Defendants obviously failed to comply with this rule. Rule 37 requires that a motion to compel be accompanied by a "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1); *see also* L.U.Civ.R. 37(a) ("A Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions."). Defendants failed to provide a good faith certificate. For these reasons, the Court denies Defendants' Motion to Compel [91].

### *G.     Conclusion*

For the reasons above, the Court **grants in part and denies in part** Defendants' Motion in Limine [86] to exclude the testimony of Janell Harvey. Harvey may not testify as an expert, but she may provide fact testimony within the limits provided above. Harvey may not provide lay opinion testimony to the extent such opinions match what she provided in the letter disclosed to Defendants, but the Court defers ruling on any other proposed lay opinions. Finally, the letter [92-1] provided by Harvey is excluded from trial. The Court **denies** Defendants' Motion to Compel [91].

SO ORDERED AND ADJUDGED this 26th day of August, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

9