IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KRISTAN SEIBERT**                                                                  **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 1:14-CV-188-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                              **DEFENDANTS**

### ORDER

For the reasons below, the Court **grants in part, denies in part, and defers ruling in part** on Defendants' Motion in Limine [84] regarding testimony and evidence of prior bad acts.

### A.   *Indictment*

First, Defendant argues that evidence and argument concerning Byrd's indictment should be excluded from trial on the grounds that it is irrelevant and more prejudicial than probative. In response, Plaintiff argues that the indictment is probative of Byrd's motive and credibility.

The indictment [99-5] has thirty-one counts, and includes charges of embezzlement, fraud, hindering prosecution, witness tampering, perjury, subornation of perjury, intimidation of officers, and extortion. Count XXIX is the only one related to this case, and it states that Byrd committed extortion in violation of MISS. CODE ANN. § 97-3-82. Specifically, it provides:

> [I]n Jackson County, Mississippi, on or between September 4, 2012, and November 26, 2012, [Byrd] did unlawfully, feloniously, willfully, and purposely, while acting in his official capacity as Sheriff of Jackson

> County, Mississippi, attempt to obtain sexual favors from [Plaintiff],[1] a female deputy with the Jackson County Sheriff's Department, by describing to [Plaintiff] sexual acts he wanted to perform on her, inappropriately touched her body without her consent, threatened demotion, and threatened to give her a bad recommendation to other law enforcement agencies if she left the Jackson County Sheriff's Department, and punished her by taking away her responsibilities with the Jackson County Sheriff's Department Explorer program, and retaliated against her by moving her to another work duty station, all for refusing said sexual advances, by violating civil statutes 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

The remaining thirty counts are unrelated to Plaintiff's claims of hostile work environment and intentional infliction of emotional distress ("IIED").

The Court will first address Count XXIX. Rule 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 403. In a roughly analogous situation, this Court recently excluded an EEOC determination letter pursuant to Rule 403. *See Rybar v. Corp. Mgmt., Inc.*, No. 1:14-CV-242-KS-MTP, 2015 U.S. Dist. LEXIS 92678 (S.D. Miss. July 16, 2015).[2] The letter represented that the EEOC had investigated the plaintiff's claims, and the EEOC concluded that all of plaintiff's allegations were true, and that the defendant had violated Title VII. *Id.* at *5-*6. At trial, the Court held that the letter invaded the province of the jury by providing a conclusion that the defendant had sexually harassed

---

[1] Plaintiff's name was apparently redacted from the indictment [99-5] before production, but the parties agree that County XXIX concerns Plaintiff's allegations.

[2] Although the Court did not initially exclude the letter in its entirety, *id.* at *6-*7, it later did so at trial.

the plaintiff in violation of Title VII, as contrasted with determination letters providing that there is reasonable cause to believe that a defendant violated Title VII. *See id.* at *5-*7 (explaining difference between "violation letters" and "reasonable cause letters").

Count XXIX of the indictment [99-5] explicitly states that Defendant Byrd "attempt[ed] to obtain sexual favors from" Plaintiff, "inappropriately touched her body without her consent, threatened demotion, and threatened to give her a bad recommendation to other law enforcement agencies . . . ." These allegations clearly invade the province of the jury, providing both legal and factual conclusions. In this respect, Count XXIX is essentially an opinion statement from the state government that all of Plaintiff's claims are true. Accordingly, the Court concludes that the indictment's probative value is substantially outweighed by the danger of unfair prejudice. FED. R. EVID. 403; *cf. Munoz v. State Farm Lloyds*, 522 F.3d 568, 572-73 (5th Cir. 2008) (in civil arson case, evidence that plaintiff was not indicted was not admissible to prove he didn't commit arson); *McBroom v. Payne*, No. 1:06-CV-1222-LG-JMR, 2011 U.S. Dist. LEXIS 39329, at *5-*6 (S.D. Miss. Apr. 11, 2011) (in excessive force suit, court excluded evidence that county officers had been indicted for beating plaintiff on a prior occasion).

Next, the Court finds that the portions of the indictment unrelated to Plaintiff's claims – all of it but Count XXIX – are irrelevant to this case.[3] "Evidence is relevant

---

[3]Plaintiff argues at various points in briefing that Byrd's indictment and convictions are probative of her claim for intentional infliction of emotional distress because they demonstrate Byrd's motive for harassing and intimidating Plaintiff. In other words, she claims that Byrd inflicted emotional distress upon her because she

3

if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401, 402. Plaintiff has two remaining claims: a Title VII hostile work environment claim arising from Defendant Byrd's alleged sexual harassment, threats, and intimidation, and a state-law claim for IIED arising from the same actions. None of the counts unrelated to Plaintiff make it more or less probable that Defendant Byrd subjected Plaintiff to a hostile work environment or intentionally inflicted emotional distress upon her in the manner she has alleged. Even if they were relevant, the Court finds that their probative value is substantially outweighed by the danger of unfair prejudice, for the same reasons provided above. FED. R. EVID. 403.

For these reasons, the Court grants Defendant's motion as to the indictment itself and any testimony, other evidence, or argument concerning it.

## B.   *Convictions*

Defendant Byrd was convicted under 18 U.S.C. § 1512(b)(3) and MISS. CODE ANN. § 97-9-113. Defendants argue that evidence of the convictions should be excluded from trial pursuant to Rule 403 and because it is inadmissible propensity evidence, and

---

testified before the grand jury.
     Up to this point in the litigation, Plaintiff's IIED claim has always been framed as arising from the alleged sexual harassment. In Plaintiff's Amended Complaint [25], she explicitly stated that her state-law claims arose from Byrd's sexual harassment of her, and that is how the IIED claim was discussed in the parties' briefing on dispositive motions. Plaintiff may not alter her theory of liability at the last minute in order to gain a favorable evidentiary ruling. *See Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983).

Plaintiff argues that evidence of each conviction is admissible pursuant to Rules 404(b)(2) and 609(a)(2).

   1.   *18 U.S.C. § 1512(b)(3)*

First, Byrd pleaded guilty [99-3] to obstruction of justice under 18 U.S.C. § 1512(b)(3). The statute provides:

> Whoever knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, supervised release, parole, or release pending judicial proceedings . . . shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1512(b)(3). The factual basis of the charge is that Byrd ordered an officer to delete dashboard camera footage of Byrd kicking a handcuffed suspect in the groin. He also ordered an officer to "wipe" and drill holes in his computer's hard drive to ensure no data could be retrieved from it, questioned an officer who had been mentioned in a newspaper article about the incident with the cuffed suspect, and provided misleading information to an officer concerning the same. Neither Plaintiff nor the actions underlying her claims were mentioned in the plea agreement or factual resume.

Plaintiff argues that evidence of the conviction is admissible under Rule 404(b)(2). Rule 404(b) provides, in pertinent part:

> **(1) *Prohibited Uses.*** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

5

> **(2)** *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b).

Plaintiff argues that evidence of the conviction is relevant to Byrd's "motive, intent, preparation, and/or plan," but she failed to explain how Byrd's conviction of misleading/intimidating other officers and destroying evidence in an unrelated prisoner abuse matter provides a motive or intent for the sexual harassment and IIED claims in this case. Instead, Plaintiff merely asserts that Byrd "constantly threatened people, including" Plaintiff – insinuating that Byrd's conviction of intimidating other officers is admissible to prove that he intimidated her. Plaintiff directly stated in her deposition [85-1] that "past behavior predicts future behavior." That is not a permitted use of this evidence. FED. R. EVID. 404(a). Even if it were, the Court believes it would be substantially more prejudicial than probative of Plaintiff's claims. FED. R. EVID. 403.

Next, Plaintiff argues that evidence of Byrd's federal conviction is admissible under Rule 609(a)(2). Rule 607 provides that "[a]ny party, including the party who called the witness, may attack the witness's credibility." FED. R. EVID. 607. To this end, parties may introduce "evidence of a criminal conviction . . . for any crime regardless of the punishment, . . . if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement." FED. R. EVID. 609(a)(2).

In this context, "'dishonesty and false statement' means crimes such as perjury,

6

subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commisison of which involves some element of deceit, untruthfulness, or falsification bearing on the witness's propensity to testify truthfully." *United States v. Pruett*, 681 F.3d 232, 246 (5th Cir. 2012). "Ordinarily, the statutory elements of the crime will indicate whether it is one of dishonesty or false statement." *United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010) (quoting FED. R. EVID. 609, advisory committee's note to 2006 amendments). But where the "deceitful nature of the crime is not apparent from the statute and the face of the judgment, a proponent may offer information such as . . . a statement of admitted facts" to show that the witness was convicted of an act of dishonesty or false statement. *Pruett*, 681 F.3d at 246. "Crimes qualifying for admission under Rule 609(a)(2) are not subject to Rule 403 balancing and must be admitted." *Jefferson*, 623 F.3d at 233.

The statutory elements of § 1512(b)(3) are not helpful insofar as a "defendant can be convicted of § 1512(b)(3) for intimidating or threatening another person – actions which do not involve acts of dishonesty or false statement." *Id.* at 234. Therefore, the Court must examine the factual basis of the conviction. Here, Byrd pleaded guilty to ordering an officer to delete dashboard camera video of himself kicking a handcuffed suspect, intimidating an officer whose name was mentioned in a newspaper article about the incident, misleading another officer regarding his conduct, and ordering an officer to "wipe" and destroy a hard drive so that data could not be recovered from it. The Court concludes that, at a minimum, Byrd's misleading

7

another officer constitutes an act of dishonesty or false statement.

Therefore, Plaintiff may elicit testimony from Byrd regarding the federal conviction, but only for impeachment purposes pursuant to Rule 609(a)(2). Plaintiff may "establish the number of convictions, the nature of each of the crimes charged, [and] the date and time of conviction." *Beaudine v. United States*, 368 F.2d 417, 421 (5th Cir. 1966). She may not, however, go "into the details of the crimes." *Id.* Rather, she is limited to eliciting testimony concerning the basic facts of the conviction: the name of the crime, the time and place of conviction, and the punishment. *Id.* at 421 n. 8; McCormick on Evidence § 42, p. 65 (J. Strong ed., 5th ed. 1999). The Court will also provide an appropriate limiting instruction.

    2.    *Miss. Code Ann. § 97-9-113*

Next, Byrd was apparently convicted in state court of intimidating a witness. The relevant statute provides:

> (1) A person commits the crime of intimidating a witness if he intentionally or knowingly attempts, by use of a threat directed to a witness or a person he believes will be called as a witness in any official proceedings, to:
>
>     (a) Influence the testimony of that person;
>
>     (b) Induce that person to avoid legal process summoning him to testify; or
>
>     (c) Induce that person to absent himself from an official proceeding to which he has been legally summoned.

MISS. CODE ANN. § 97-9-113(1). The Court does not know the factual basis of the state conviction. Neither party provided the Court with a copy of the plea agreement or

8

judgment, and the indictment [99-5] does not list a count of intimidating a witness under § 97-9-113.

First, Plaintiff argues that evidence of Byrd's conviction under § 97-9-113 is admissible under Rule Rule 404(b)(2). She represents that she does not intend to present evidence of the state conviction as character evidence, but, rather, as evidence of Byrd's "motive, intent, preparation, and/or plan." Plaintiff failed to explain how Byrd's conviction of intimidating a witness provides motive or intent for her sexual harassment and IIED claims in this case. She failed to provide any evidence of the conviction's factual basis, such as a plea agreement, judgment, or court transcript. The only count of the indictment [99-5] relevant to Plaintiff's claims is for extortion, under MISS. CODE ANN. § 97-3-82. In support of her 404(b) argument, she asserts that Byrd "constantly threatened people, including" her, insinuating that Byrd's conviction of intimidating a witness shows that he intimidated her. That is not a permitted use of the state conviction under Rule 404. FED. R. EVID. 404(a). Even if it were, the Court believes it would be substantially more prejudicial than probative of Plaintiff's claims. FED. R. EVID. 403.

Finally, Plaintiff argues that evidence of the Mississippi conviction is admissible under Rule 609(a)(2). Plaintiff provided no evidence regarding the factual basis of the conviction. Therefore, the Court is limited to consideration of the elements listed in MISS. CODE ANN. § 97-9-113(1). None of those elements indicates that an "act of dishonesty or false statement" is required for a conviction. Therefore, the state conviction under MISS. CODE ANN. § 97-9-113(1) is not admissible under Rule 609(a)(2).

C.   **"Heavy-Handed"**

Defendants seek the exclusion of evidence "that Byrd had a heavy-handed managerial style," but Defendants failed to cite any specific testimony or evidence. Therefore, this aspect of the motion is too vague for the Court to address, and it is presently denied. If Defendants want to reurge the argument at trial with more specificity, they may do so.

D.   *Arbitrary Arrests/Terminations*

Defendants seek the exclusion of evidence that Byrd "arbitrarily arrested and fired people." This argument and the record are too vague for the Court to address. If Defendants want to reurge it at trial with more specificity, they may do so.

E.   *Harassment of Minorities/The "N-Word"*

Defendants seek the exclusion of evidence that Byrd "harassed minorities" and "called black people 'n—er.'" This case involves a claim of sex-based hostile work environment, rather than race-based hostile work environment. Byrd's alleged use of racial slurs is irrelevant to Plaintiff's claims. FED. R. EVID. 401, 402. Even if it were relevant, it would be substantially more prejudicial than probative. FED. R. EVID. 403. The Court grants Defendants' motion as to any evidence or argument concerning Byrd's alleged harassment of minorities and use of racial slurs.

F.   **"Make Him Pay at the Pump"**

Defendants seek the exclusion of evidence that Byrd made "comments such as 'make him pay at the pump.'" This alleged comment and the deposition testimony in which Plaintiff mentioned it are too vague for the Court to presently address. If

Defendants want to reurge this motion at trial with more specificity, they may do so.

### G.  *Destruction of Hard Drive*

Defendants seek the exclusion of any evidence or argument that Byrd "destroyed hard drives to conceal evidence." The Court grants Defendants' motion with respect to the actions described in the factual resume accompanying Byrd's federal plea agreement [99-5]. Those actions are irrelevant to Plaintiff's claims of sexual harassment and IIED. If Defendants refer to a different occurrence of the same behavior, the Court presently denies the motion, but Defendants may reurge it at trial with more specificity.

### H.  *Abuse of Suspect*

Defendants seek the exclusion of any evidence or argument that Byrd "kicked a suspect in the groin." The Court grants Defendants' motion with respect to the actions described in the factual resume accompanying Byrd's federal plea agreement [99-5]. Those actions are irrelevant to Plaintiff's claims of sexual harassment and IIED. If Defendants refer to a different occurrence of the same behavior, the Court presently denies the motion, but Defendants may reurge it at trial with more specificity.

### I.  *Contact Regarding the Indictment*

Defendants seek the exclusion of any evidence or argument that Byrd attempted to contact people regarding his indictment. The Court grants the motion insofar as it has already excluded any evidence or argument concerning the indictment.

### J.  *Sexual Harassment of Others*

Next, Defendant argues that the Court must exclude all evidence or argument

that Byrd sexually harassed other employees – specifically, Valerie Damazio, Traci Wilson, Kim Snowden, Val Kelly, Cherie Ward, and Kim Versaga. As the Fifth Circuit has noted, "[t]here is no prescription of evidence of discrimination against other members of the plaintiff's protected class; to the contrary, such evidence may be highly probative, depending on the circumstances." *Shattuck v. Kinetic Concepts*, 49 F.3d 1106, 1109-1110 (5th Cir. 1995); *see also La Day v. Catalyst Tech., Inc.*, 302 F.3d 474, 480 (5th Cir. 2002) (court considered evidence that alleged harasser had harassed other employees). This Court has previously analyzed such testimony as both "pattern and practice" evidence and comments indicating discriminatory animus. *See, e.g. Fairchild v. All-American Check Cashing, Inc.*, 2014 U.S. Dist. LEXIS 168080, at *2-*5 (S.D. Miss. Dec. 4, 2014) (citing *Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 302-03 (5th Cir. 2000); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 222 (5th Cir. 2001)).

Snowden's deposition transcript and affidavit are in the record, but the Court knows nothing about the other employees' (Damazio, Wilson, Kelly, Ward, and Versaga) allegations. The Court reserves ruling on this issue until trial, when it can hear the proposed testimony and more detailed argument from counsel. The Court expects counsel to be prepared to present applicable case law in support of their arguments.

### K.   *Miscellaneous Hearsay Statements*

Finally, Defendant seeks the exclusion of a variety of statements by Plaintiff during her deposition [85-1] on the grounds that they are inadmissible hearsay.

1.   Plaintiff testified: " . . . the sheriff made it very clear to Valerie Damazio

    and I that we were to report directly to him." Plaintiff argues that this is an opposing party's statement and, therefore, not hearsay. *See* FED. R. EVID. 801(d)(2). Plaintiff is correct. The comment is admissible to the extent Plaintiff personally observed Byrd make it.

2. Plaintiff testified: "And, in fact, his words at the time was, I'm the GD sheriff, and I can do what the hell I want to do." Plaintiff argues that this is an opposing party's statement and, therefore, not hearsay. *See* FED. R. EVID. 801(d)(2). Plaintiff is correct The comment is admissible to the extent Plaintiff personally observed Byrd make it. In reply, Defendant argues that the comment should be excluded under Rule 403, but the Court does not consider arguments made for the first time in reply. *In re: Robinson*, 777 F.3d 792, 798 n. 6 (5th Cir. 2015).

3. Plaintiff testified: "There was multiple testimony during the Jackson County Grand Jury about him harassing the minorities, the Hispanics of the community and business leaders." Plaintiff represented that she does not intend to introduce this testimony at trial. Therefore, the Court grants this aspect of Defendants' motion as unopposed.

4. Plaintiff testified that Byrd "pled guilty to, you know, the things that he did. So I wouldn't say that that was a matter of opinion, absolutely not." Defendants' motion is granted in part and denied in part as to this testimony, commensurate with the Court's ruling above as to evidence or argument concerning Byrd's convictions.

5. Plaintiff testified: "I have observed him get on the radio and say, make him pay at the pump. And I have observed him, take his ass to jail. I have observed him say all kinds of things that were wrong, in every sense of the word." Plaintiff argues that this is an opposing party's statement and, therefore, admissible. *See* FED. R. EVID. 801(d)(2). Plaintiff is correct. However, as provided above, the Court reserves ruling on the statement's relevance and any potential Rule 403 issues until it hears more specifics at trial.

6. Plaintiff testified: "I have heard him call – if you are black, you are automatically – he would call you a n—er." The Court grants Defendants' motion as to this testimony, for the same reasons provided above.

7. Plaintiff testified: "I'm not the only one he did this to, and I know that. . . . Kim Versaga, Valerie Damazio. That's just two that I've talked to. Tracy Wilson. There have been numerous females that have rumored. Those are the ones that I have talked to, personally. So I'm not the only one that has basically had this happen. It's always the same thing." Plaintiff concedes that this testimony is inadmissible, and the Court grants Defendants' motion as to these statements.

8. Plaintiff testified that she talked to Jackie Trussell about Byrd's alleged harassment. She stated: "And I did not tell him the exact incidents. I just said, hey, the sheriff will not leave me alone. And Jackie and I knew each other to where he knew what I meant." Plaintiff argues that this is not

14

hearsay because Plaintiff made the statement herself. Plaintiff is mistaken. Hearsay is a "statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Plaintiff did not make this statement at trial. Therefore, if she intends to offer it as evidence that the "sheriff [would] not leave her alone," it is inadmissible hearsay.

9. Plaintiff testified: "I had said, look, I'm not going to put up with it anymore. He had wanted me – he said, I need you over there to shake hands, make me look good. That was his thing." Plaintiff argues that this is an opposing party's statement and, therefore, not hearsay. *See* FED. R. EVID. 801(d)(2). Plaintiff is correct. Defendant argued in reply that the comment should be excluded under Rule 403, but the Court does not consider arguments made for the first time in reply. *In re: Robinson*, 777 F.3d at 798 n. 6.

10. Plaintiff testified that Mick Sears told her that Byrd told him to "find a reason to fire her." Plaintiff concedes that this testimony is inadmissible hearsay, and the Court grants Defendants' motion in this respect.

11. Plaintiff testified that she heard that Valerie Damazio told the District Attorney, who told the Board of Supervisors, that Byrd was attempting to contact people regarding his indictment. Plaintiff concedes that this testimony is inadmissible hearsay. Therefore, the Court grants

15

Defendants' motion as to this statement.

12. Plaintiff testified that Byrd contacted Chad Powell and Mick Sears regarding his indictment. The Court has already excluded all evidence or argument concerning the indictment. Therefore, the Court also grants Defendants' motion as to this testimony.

13. Plaintiff testified that Valerie Damazio stated that she had an affair with Byrd. Plaintiff concedes that this testimony is hearsay, and the Court grants Defendants' motion as to this testimony.

14. Plaintiff testified: "[A]t one time, [Valerie Damazio] told me to be careful. And I knew instantly what she meant by that." Plaintiff argues that she intends to offer this hearsay to show her own state of mind, rather than to prove the truth of the matter asserted therein. The Court grants Defendants' motion as to this statement. The full context of the testimony shows that Plaintiff intended it to be demonstrative of Byrd's actions, rather than her own state of mind. Defendants' counsel elicited the testimony during a series of questions regarding what other people knew about Byrd's actions. Regardless, the statement says nothing about Plaintiff's state of mind.

15. Plaintiff testified that Byrd called Valerie Damazio to talk about promoting Plaintiff. Plaintiff concedes that this testimony is inadmissible hearsay, and the Court grants Defendants' motion as to this statement.

16. Plaintiff testified that, in reference to certain actions by Byrd, Jenny

>   Buras told her, "[T]hat's so gross. I can't believe he does that." Plaintiff argues that she intends to offer this hearsay to show her own state of mind, rather than to prove the truth of the matter asserted therein. The Court grants Defendants' motion as to this statement. The full context of the testimony shows that Plaintiff intended it to be demonstrative of Byrd's actions, rather than her own state of mind. Defendants' counsel elicited the testimony during a series of questions regarding what other people knew about Byrd's actions. Regardless, the statement says nothing about Plaintiff's state of mind.

17. Plaintiff testified that Chad Powell told her that he saw "Valerie and the Sheriff together, and that he had witnessed something there. And that he also told me that he had witnessed the Sheriff grab Sherry Ward's butt." Plaintiff concedes that this testimony is inadmissible hearsay. Therefore, the Court grants Defendants' motion as to this statement.

For the reasons above, the Court **grants in part, denies in part, and defers ruling in part** on Defendants' Motion in Limine [84] regarding testimony and evidence of prior bad acts.

SO ORDERED AND ADJUDGED this 1st day of September, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE