# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KRISTAN SEIBERT**                                                                  **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 1:14-CV-188-KS-MTP**

**JACKSON COUNTY, MISSISSIPPI,** *et al.*                                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendant Michael Byrd's Motion for New Trial [147].

### A.    *Background*

The Court provided the factual background of this case in its Memorandum Opinion and Order [83] of August 5, 2015. *Seibert v. Jackson County, Miss.*, No. 1:14-CV-188-KS-MTP, 2015 U.S. Dist. LEXIS 102632, at *1-*2 (S.D. Miss. Aug. 5, 2015). The Court held a jury trial on September 14-16, 2015. The jury returned a verdict [118] in favor of Plaintiff as to her claim of intentional infliction of emotional distress ("IIED") against Defendant Byrd in his individual capacity, and it awarded her $260,000.00 in damages. But it found in favor of Defendants as to Plaintiff's sexual harassment claim.

Both Byrd and Plaintiff filed post-trial motions. The Court granted Defendant Byrd's Motion for Judgment as a Matter of Law ("JMOL") [121] as to Plaintiff's IIED claim. *Seibert v. Jackson County*, No. 1:14-CV-188-KS-MTP, 2015 U.S. Dist. LEXIS 164977, at *8 (S.D. Miss. Dec. 9, 2015). Byrd argued in the alternative that he was entitled to a new trial, a remittitur, or a new trial on damages, but the Court did not

address those arguments.[1] The Court denied Plaintiff's Motion for JMOL or New Trial [123] as to her sexual harassment claims. *Id.* at *14.

Plaintiff appealed the Court's decision, but Byrd did not file a conditional cross-appeal. The Court of Appeals reversed in part, affirmed in part, and remanded. *Seibert v. Jackson County*, 851 F.3d 430, 432 (5th Cir. 2017). Specifically, the Court of Appeals held that the Court erred in granting Byrd's motion for JMOL as to the IIED claim, and it remanded with instructions to reinstate the jury's verdict. *Id.* at 438. It affirmed the Court's rulings in all other respects. *Id.* 440.

After this Court received the mandate [144], it entered an Order [145] reinstating the jury's verdict against Byrd in his individual capacity in the amount of $260,000.00. Byrd then filed a Motion for New Trial [147] as to Plaintiff's IIED claim or, alternatively, a remittitur or new trial on damages.

## B. Discussion

Among other things, Plaintiff argues that Byrd is barred from pursuing a new trial, remittitur, or new trial on damages because he did not file a conditional cross-appeal on those issues. After considering the parties' briefs and the applicable law, the Court agrees.

A "party who prevails in the district court is permitted to conditionally raise

---

[1]The Court erred in not addressing Byrd's motion for new trial. Rule 50 specifically provides: "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." FED. R. CIV. P. 50(c)(1).

2

issues in a cross-appeal because if the appellate court decides to vacate or modify the trial court's judgment, the judgment may become adverse to the cross-appellant's interest." *ART Midwest Inc. v. Atlantic Ltd. P'ship XII*, 742 F.3d 206, 211 (5th Cir. 2014). "The waiver doctrine holds that an issue that could have been but was *not* raised on appeal is forfeited and may not be revisited by the district court on remand." *Lindquist v. City of Pasadena*, 669 F.3d 225, 239 (5th Cir. 2012). Therefore, because Byrd could have filed a conditional cross-appeal on the issues of a new trial on the IIED claim, a remittitur, or a new trial on damages, his failure to do so constitutes a waiver of those arguments, and they may not be addressed by this Court on remand. *Id.*

Likewise, some articulations of the "mandate rule" and "cross-appeal rule" would bar consideration of these issues on remand from the appellate court. *See, e.g. United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (pursuant to the mandate rule, all issues not addressed by the appellate court and not raised in the appellate court which could have been brought in the original appeal are not proper for the district court's consideration on remand); *ART Midwest*, 742 F.3d at 212 (appellee's decision to not conditionally cross-appeal jury's findings from initial district court proceeding barred them from raising the same claims in second proceeding after remand); *United States v. Washington*, 626 F. App'x 485, 489 n. 5 (5th Cir. 2015) (because issue could have been raised on appeal but wasn't, the mandate rule barred the district court from considering the issue).

Also, Rule 59 permits the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED.

3

R. CIV. P. 59(a)(1)(A). Byrd argues that the Court should grant him a new trial on the IIED claim because the verdict is against the weight of the evidence. Under Fifth Circuit precedent, "a trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Seibert*, 851 F.3d at 439. "In other words, the movant must show an absolute absence of evidence to support the jury's verdict." *Id.* Here, there was evidence to support the jury's verdict as to Plaintiff's IIED claim. Specifically, Plaintiff's trial testimony as to Byrd's pattern of sexual advances, lewd comments, groping, and threats to demote her if she did not acquiesce were enough to support the jury's verdict. *See id.* at 438 (describing Plaintiff's trial testimony in detail). Indeed, the Mississippi Supreme Court has specifically noted that "a pattern of deliberate, repeated harassment over a period of time" can constitute IIED in the employment context. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001).

As for remittitur, the Court must "review with deference damage awards based on intangible harm, because the harm is subjective and evaluating depends considerably on the demeanor of witnesses." *Tureaud v. Grambling State Univ.*, 294 F. App'x 909, 916 (5th Cir. 2008). "There is a strong presumption in favor of affirming a jury award of damages. The damage award may be overturned only upon a clear showing of excessiveness . . . ." *Giles v. GE*, 245 F.3d 474, 488 (5th Cir. 2001). And as another judge in this state has noted, the Fifth Circuit's "disposition of motions for the remittitur of emotional damages varies widely from case to case." *Hardy v. City of Tupelo*, 2009 U.S. Dist. LEXIS 103762, at *66 n. 7 (N.D. Miss. Nov. 2, 2009) (citing

4

multiple cases). "'Judgments regarding noneconomic damages are notoriously variable,' and inherently subjective nature." *Id.* (quoting *Forsyth v. City of Dallas*, 91 F.3d 769, 774 (5th Cir. 1996)); *see also McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 484 (5th Cir. 2015) (review of emotional distress damages is conducted with deference to the jury because of the intangibilty of the harms suffered). This Circuit has a "tradition of . . . strong deference to the jury . . . ."*Salinas v. O'Neill*, 286 F.3d 827, 832 (5th Cir. 2002). In light of the vulgar, outrageous nature of Byrd's actions, and his direct threat to demote Plaintiff if she did not acquiesce to his advances, the Court declines to reduce the award.

Finally, "[o]rdering a new trial on damages . . . is proper only when the amount awarded is so excessive as to be the product of passion or prejudice." *GlobeRanger Corp. v. Software AG United States of America, Inc.*, 836 F.3d 477, 500 (5th Cir. 2016). "The size of the award to which a plaintiff is entitled is generally a fact question, and the reviewing court should be exceedingly hesitant to overturn the decision of the jury . . . ." *McCaig*, 788 F.3d at 484. "Absent gross excessiveness," the Court will not grant a new trial on damages. *Id.* For the same reasons provided above, the Court does not believe the jury's verdict was grossly excessive. Therefore, a new trial on damages is not warranted.

## C.    *Conclusion*

For these reasons, the Court **denies** Defendant Michael Byrd's Motion for New Trial [147].

SO ORDERED AND ADJUDGED this ___29th__ day of June, 2017.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE